UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR FIRST
FRANKLIN MORTGAGE LOAN TRUST
2006-FF11,

    Plaintiff,

v.                                                                                          Case No:   6:15-cv-1101-Orl-31TBS

MELVIN ROWE, UNKNOWN SPOUSE
OF MELVIN ROWE, ANY AND ALL
UNKNOWN PARTIES CLAIMING BY,
THROUGH, UNDER AND AGAINST THE
HEREIN NAMED INDIVIDUAL
DEFENDANTS(S) WHO ARE NOT
KNOWN TO BE DEAD OR ALIVE,
WHETHER SAID UNKNOWN PARTIES
MAY CLAIM AN INTEREST,
SOUTHCHASE PARCELS 40 AND 45
MASTER ASSOCIATION, INC.,
SOUTHCHASE PARCELS 45
COMMUNITY ASSOCIATION, INC.,
JOHN DOE and JANE DOE,

    Defendants.

## REPORT AND RECOMMENDATION

On July 7, 2015, Defendant Melvin Rowe removed this seven and a half year-old foreclosure case from state court to this Court (Docs. 1, 3).   The state trial court entered judgment for Plaintiff in 2009, but foreclosure sale has been repeatedly postponed.   On July 9, 2015, the foreclosure sale was completed, with Plaintiff making the highest bid.

Rowe's Notice of Removal is captioned "Melvin Rowe-Natural Person, Plaintiff [v.] Deutsche Bank N.A. etc. al.[,] Defendant(s)," and identifies two state court case numbers: "L.T. Case No.: 2007-CA-015353-O" and "5DCA CASE No. 5D15-1271."   The alignment

of parties in the notice of removal matches the alignment of parties in the Fifth District Court of Appeal case, but not the case from which the appeal was taken in the Circuit Court for the Ninth Judicial Circuit in and for Orange County.   The state-court complaint names Deutsche Bank as Plaintiff and Rowe, a homeowners association, and a number of unknown parties as Defendants (Doc. 1 at 1; Doc. 3).   The Clerk has reversed the parties and added the additional Defendants to conform the style to the alignment in the state trial court.

It is unclear whether Rowe is attempting to remove the case from the state trial court, the Florida Fifth District Court of Appeal, or both.   The Clerk assumed that Rowe was trying to remove the trial court case, which is a reasonable assumption to make because the federal removal statute, 28 U.S.C. § 1441 et seq., contemplates removal of actions only from state trial courts, and not from state appellate courts.   For purposes of this report and recommendation, I assume Rowe intended to remove the case from the trial court, and not the case from the Fifth District Court of Appeal.

In the notice of removal, Rowe invokes diversity of citizenship, see 28 U.S.C. § 1332 as the basis for this Court's jurisdiction (Doc. 1 at 3).   He also suggests that "there are ... obvious tort and constitutional grounds that do supply federal jurisdiction." (Id. at 3).   Along with his notice of removal, Rowe filed a motion for leave to proceed *in forma pauperis* (Doc. 4).

Rowe's notice of removal is defective for a passel of reasons, first and foremost of which is lack of subject matter jurisdiction.   Rowe fails to allege the citizenship of any of the parties, and his conclusory allegation that diversity of citizenship exists is insufficient. See Williams v. Best Buy Co., 269 F.3d 1316, 1320-21 (11th Cir. 2001).   Rowe's intimation that the case raises (presumably federal) constitutional questions does not

bring the case within the scope of statutory federal question jurisdiction, see 28 U.S.C. § 1331.  "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).   Rowe has not identified any issue of federal law raised by the foreclosure complaint.

Rowe's notice of removal violates most, if not all of the non-jurisdictional limitations on removal contained in 28 U.S.C. §§ 1441(b) and 1446(b) and (c).   He is by all appearances a citizen of Florida; he has twice filed for bankruptcy in this district, most recently on March 23, 2015, both times listing the property that is the subject of the foreclosure proceeding as his residence (M.D. Fla. Bankr. Case No. 6:11-bk-17221-ABB, Doc.1; Case No. 6:15-bk-02491-CCJ, Doc. 1).[1]   Because Rowe is a resident of Florida, he is not entitled to remove a case based on diversity of citizenship.   28 U.S.C. § 1441(b)(2).   Rowe's notice of removal is also untimely, because he failed to file it within 30 days of being served with the complaint or any other paper "from which it may first be ascertained that the case is one which is or has become removable," and because the case is more than a year old.   28 U.S.C. § 1446(b)(1), (b)(3), (c).   Finally, Rowe has not obtained the consent of the other Defendants to remove the case.   See 28 U.S.C. § 1446(b)(2).

Finally, Rowe has failed in several respects to comply with the procedures for removing a case.   While he has attached some state-court documents (including some that appear to have been filed in the Florida Second District Court of Appeal (see, e.g., Doc. 1-2 at 1)), it is apparent that he has not included "all process, pleadings, and orders

---

[1] Both of Rowe's Bankruptcy petitions were dismissed for failure to file documents necessary to the administration of the case.

served upon [him] in" the state-court action.   In addition, based on my review of state court docket sheets available online,[2] it appears that he has failed to file a copy of his notice of removal in the state trial court, as required by 28 U.S.C. § 1446(d).

For all of these reasons, Rowe's notice of removal appears to be a transparent effort to interfere with the foreclosure sale that occurred on July 9.   Now, I **respectfully recommend** that this case be **remanded** to state court, and that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) be **denied as moot**.   I also recommend that the Clerk be directed to send a copy of this Court's remand order to both the Fifth District Court of Appeal and the Circuit Court for the Ninth Judicial Circuit in and For Orange County, Florida.

A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

Respectfully submitted on July 10, 2015.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties

---

[2] Records from the circuit court can be found on the Orange County Clerk's website, at https://myeclerk.myorangeclerk.com/Cases/Search?caseType=CV&caseTypeDesc=Civil%20Case%20Records. The docket sheet from the district court of appeals case can be located at http://jweb.flcourts.org/pls/ds/ds_docket?p_caseyear=2015&p_casenumber=1271&pscourt=5.